UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HOWARD EUGENE BRADEN, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-351 |
| | § | |
| DIRECTOR, TDCJ-ID, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDA AND RECOMMENDATIONS AND DENYING PENDING MOTIONS

Pending before the Court is Petitioner's "Motion for Leave to File:  Motion for Relief from Judgment" (D.E. 1).  In his "Motion," Petitioner invokes Fed. R. Civ. P. 60(b) in seeking relief from the March 17, 1987 judgment of the Eastern District of Texas, Lufkin Division.  That court apparently denied Petitioner any *habeas corpus* relief with respect to his state court conviction and sentence for rape.  The court did not agree that the conviction was fraught with constitutional infirmities (particularly the prohibition against *ex post facto* laws) related to the 1974 change in Texas law whereby the crime of rape was bifurcated into rape and aggravated rape.

On December 4, 2012, United States Magistrate Judge Brian L. Owsley issued an Order to Show Cause (D.E. 6) why this Rule 60(b) motion should not be dismissed as either (1) construed as a successive *habeas corpus* petition governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), citing *Fierro v. Johnson*, 197 F.3d 147, 151 (5th Cir. 1999) or (2) lacking jurisdiction in this Court due to the attack being directed against the judgment of an Eastern District of Texas court.  In his "Response to

Show Cause Order" (D.E. 9), Petitioner recites that the purpose of Rule 60(b) is to correct erroneous legal judgments and that there is no time limit on them. He does not address AEDPA. He then relies on the general jurisdictional statutes for federal question and *habeas corpus* jurisdiction, but does not address whether this Court's jurisdiction extends to nullify a sister court's judgment using Rule 60(b).

The Magistrate Judge issued his "Memorandum and Recommendation to Deny Petitioner's Motion for Relief from Judgment" (D.E. 11) on January 2, 2013. In it, he recommends dismissal of this action as a successive petition for writ of *habeas corpus* prohibited by AEDPA because it purports to challenge a judgment in a *habeas* proceeding but is actually a second attempt to challenge the underlying criminal conviction. Without Fifth Circuit authorization, this Court may not consider second or successive *habeas* actions. *See generally, Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

Alternatively, the Magistrate Judge recommends dismissal because, even if construed as a genuine Rule 60(b) motion: (1) it is filed in this Court without jurisdiction because it belongs in the Eastern District of Texas; (2) it is untimely because twenty-five (25) years is an unreasonable delay and no justification for such a delay has been shown; and (3) Petitioner has failed to properly state a claim for relief because he has no clear claims, no clear respondents, and has not paid the filing fee or filed a motion to proceed *in forma pauperis*. Petitioner filed his Written Objections (D.E. 13) to the Memorandum and Recommendation.

First, he apparently contends that no filing fee should be required for a Rule 60(b) motion.  This argument would have merit if the motion were filed in the Eastern District of Texas court that issued the judgment under attack.   But when filed as a new proceeding in this Court, Petitioner must pay the filing fee either as a civil rights action or a habeas corpus action or file a motion to proceed *in forma pauperis*.  Petitioner still has not taken any of those actions.  His first objection is **OVERRULED**.

Second, Petitioner argues that his motion cannot be construed as a successive habeas petition because he refers to his state court conviction only for the purpose of showing that the Eastern District of Texas court's judgment was illegal, void, or erroneous.  Without ever citing any authority for this Court to violate concepts of comity among courts, Petitioner wants this Court to "reopen" his prior *habeas* proceeding.  The reality of the matter is that Petitioner sought relief from custody from the Eastern District of Texas and now seeks that relief from the Southern District of Texas.  The only way to obtain that relief is to challenge the conviction.  His distinction is without a difference.  Petitioner's second objection is **OVERRULED**.

Third, Petitioner suggests that he should be granted leniency in that he is ignorant of the law and, despite having filed for *habeas corpus* relief resulting in the 1987 judgment he now attacks, he has only become aware of his rights in "the last three years." While *pro se* prisoners are afforded some leniency, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), no leniency can transform the nature of this action, pay the fee for Petitioner, or establish jurisdiction that does not otherwise exist. Petitioner's third objection is **OVERRULED**.

Fourth, Petitioner objects to any suggestion that he needs to amend to clarify his complaint. He stands on his Motion as demonstrating that the Eastern District of Texas judgment is void and a legal nullity. If permitted to proceed, he would be treating this Court as an appellate court. This is not consistent with our jurisprudence, rules of procedure, or jurisdiction. Petitioner's fourth objection is **OVERRULED**.

Petitioner has also filed his "Motion Requesting 'Judicial Notice' " (D.E. 7). In that Motion, Petitioner recites the statutes establishing federal question and *habeas corpus* jurisdiction and further sets out various factual and legal propositions in support of his contentions on their merits. That Motion is **DENIED** as moot.

Petitioner has filed a Motion for Transfer of Venue (D.E. 10). Because of the Court's other rulings in this case, holding that dismissal is appropriate, the Court **DENIES** the request for transfer of venue.

On April 8, 2013, Petitioner filed his Motion for a Preliminary Injunction (D.E. 14) complaining of a lack of access to the prison law library to enable his due process access to the courts. On April 30, 2013, the Magistrate Judge issued his Memorandum and Recommendation (D.E. 15) recommending that the Motion be denied because Petitioner has not demonstrated an injury or that he has been prevented from asserting any nonfrivolous claim. The Magistrate Judge also found that Petitioner failed to satisfy the requirement that any injury outweigh damage to the defendant—presumably the prison system that would have to accommodate his particular requests—and the requirement that the contemplated injunction not disserve the public interest.

Petitioner filed his Objections (D.E. 17).  He first objects that the Memorandum and Recommendation is mis-labeled as addressing his Motion for Relief from Judgment. Form does not prevail over substance and the labeling of the Memorandum and Recommendation is immaterial.  The substance addresses Petitioner's Motion for Preliminary Injunction.  So to the extent that the Petitioner has stated an objection, it is **OVERRULED**.

Otherwise, Petitioner expresses his disagreement with the Magistrate Judge's conclusions.  His request for relief does not appear to be related to this action and does not recite any harm inflicted in pursuing this action.  In fact, Petitioner has filed several documents containing legal research in this case.  So it is unclear whether or how his need for a preliminary injunction is properly before this Court.  The Court also notes that Petitioner has not demonstrated any exhaustion of administrative remedies regarding his access to the law library.  His remaining objections are **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memoranda and Recommendations (D.E. 11, 15), as well as Petitioner's Objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed and making initial rulings on other pending motions, the Court **OVERRULES** Petitioner's Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge (D.E. 11, 15).  The Court **DENIES** Petitioner's Motion for Judicial Notice (D.E. 7),

**DENIES** the Petitioner's Motion for Transfer of Venue (D.E. 10), **DENIES** Petitioner's

Motion for Preliminary Injunction, and this action is **DISMISSED**.

ORDERED this 7th day of June, 2013.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE